PIERCE, Chief Judge.
Appellants Alma F. Barnes, Ralph Blanco, Mike Blanco, Mercedes Bravo, Richard Bravo, Onelia Cenal, Dahlia Fernandez, Buddy Fernandez a/k/a Louis Oscar Fernandez, Bennie Fernandez, Dahlia Gonzalez, Clemente Lopez, Sam Messina, Charlie Maddox, Anilda Pupello, Lannie J. Perez, Rose Rodriguez, Esteban Rodriguez a/k/a Steve Rodriguez, Oscar Peter Roque a/k/a “Piccolo Pete” a/k/a “Pirolo” a/k/a “Uncle Pete”, Edward Perez a/k/a Eddie Perez, Aida Rodriguez a/k/a Ida Rodriguez a/k/a Aida Perez a/k/a Ida Perez, Arnaldo Rodriguez a/k/a “Nardi” a/k/a “Nardito”, Julie Rodriguez, Margaret Rodriguez, Manuel Rodriguez and Joseph A. Sanchez a/k/a Joe Sanchez, [hereinafter the defendants] presume to appeal from an order entered by the Hillsborough County Circuit Court denying parts of their motion for “Wiretap Inventory and Inspection”. Since this order is not appealable by defendants, we treat the assignments of error and point on appeal as the defendants’ petition for certiorari and limit our scope of review accordingly. State v. Shouse, Fla.App.196S, 177 So.2d 724; F.S. § 59.45 F.S.A.
Briefly, the motion alleged that upon application made by Deputy D’Avignon, under the authorization of the State Attorney for Hillsborough County, the Court granted an order pursuant to Chapter 934 F.S. for a wiretap/electronic surveillance pertaining to telephonic communications taking place or to take place on telephone facilities located in the residence of Roland Rodriguez in Lutz, Florida. Search warrants were issued and executed on the defendants. As reflected by the affidavit for search warrants, defendants had been involved in telephonic communications intercepted pursuant to the wiretap/electronic order. The defendants excepting Roland Rodriguez, were indicted by the Grand Jury for conspiracy with Rodriguez, to commit a felony.
Upon hearing the motion the Court granted certain requests which included an inventory, all applications for wiretap orders, all orders entered pursuant to Chapter 934 F.S., and all tapes and transcripts of intercepted conversations requested by defendants. The Court denied production and inspection of the following:
4. Any and all logs [and] records * * * of any and all communications intercepted or allegedly intercepted concerning any of the Defendants herein, as a result of and authorized by orders entered in accordance with Chapter 69-17, Laws of Florida, 1969 [Ch. 934 F.S.].
6. Any and all reports made to the issuing Judge showing progress of the surveillance and/or need to continue interception, whether written or oral.
7. The present location of any and all logs, records and tapes or other recordings of any communications intercepted in accordance with and pursuant to order entered under Chapter 69-17, Laws of Florida, 1969.
9. Any and all statements or reports, written or oral, made to the issuing Judge concerning and pertaining to results obtained from interception of communications, or explanations made to said issuing Judge of any failures to obtain results by virtue of wiretap interception.
10. Any and all records of and notes pertaining to additional testimony and documentary evidence in support of any applications requested hereinabove.
As to paragraph 10, the Assistant State Attorney stated at the hearing that there were no such additional matters given to the issuing Judge.
*662 The lower Court correctly denied defendants’ request for production and inspection of the items listed above. Such items were not within the scope of the inventory or of the intercepted communications, applications and orders to be made available upon a motion for inspection under Chapter 934 F.S. F.S. Section 934.-09(7) (e) (3) F.S.A. provides:
“The judge, upon the filing of a motion, may make available to such person or his counsel for inspection such portions of the intercepted communications, applications, and orders as the judge determines to be in the interest of justice * * * ”
[Emphasis supplied].
Defendants have failed to demonstrate that the trial Judge abused his discretion in his actions under the applicable statute, supra.
Certiorari denied.
LILES and HOBSON, JJ., concur.